IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROMELL C. STEVENS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 23-CV-456-SMY |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Romell C. Stevens' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government responded (Doc. 4), and Stevens filed a reply (Doc. 5). For the following reasons, the Petition is **DENIED**.

### Procedural Background

Stevens is a federal prisoner currently incarcerated at FCI-Butner Low, within the Eastern District of North Carolina.[1] On July 8, 2020, Stevens was charged with intent to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 841(b)(1)(C). *U.S. v. Romell C. Stevens,* Case No. 20-cr-40063-SMY (S.D. Ill. Jul. 8, 2020, Doc. 1). The Indictment further alleged that Stevens had previously been convicted of Unlawful Distribution of Cocaine, a serious drug felony. *Id.* Stevens pleaded guilty on April 30, 2021. *Id.* (Doc. 35).

---

[1] This Court exercises jurisdiction over Stevens' petition as his sentencing court. *Kramer v. Olson*, 347 F.3d 214, 216-217 (7th Cir. 2003).

Attorney Terry Green represented Stevens from July 23, 2020 until July 13, 2021. *Id.* (Docs. 8, 41). A few months after pleading guilty, Stevens expressed frustrations with Green's representation in a direct letter to this Court. *Id*. (Doc. 37). The Court conducted a status of counsel hearing on July 13, 2021, during which it found that there had been a breakdown of the attorney-client relationship and granted Stevens' request for substitution of appointed counsel. *Id.* (Doc. 66, p. 15). Stevens also indicated that he wished to withdraw his guilty plea during the hearing.

Attorney Paul Sims filed his Notice of Appearance as counsel for Stevens on July 15, 2021. *Id.* (Doc. 42). He subsequently filed objections to the Presentence Investigation Report ("PSR"), a Sentencing Memorandum, a Notice of Testimony at Sentencing Hearing, and Letters of Support and an Allocution. *Id.* (Docs. 48, 49, 54). Of note, Sims objected to the classification of Stevens as a career offender for sentencing purposes. *Id.* (Doc. 48).

Stevens was sentenced on November 10, 2021 to 151 months of imprisonment. *Id.* (Doc. 59). He initially filed a direct appeal, but it was dismissed by his appellate counsel at his request. *Id.* (Doc. 72-1). Stevens raises the following claims in the instant Petition: (1) ineffective assistance of counsel in that Attorney Green was so ineffective that Stevens had entered an involuntary guilty plea; and (2) that his subsequent appointed counsel, Attorney Sims, was ineffective because he failed to file a motion to withdraw the guilty plea, failed to argue that Stevens was not a career offender, and failed to properly object to the PSR.[2]

---

[2]Based on its review of the filings, the Court concludes that the issues in this case can be resolved on the existing record; an evidentiary hearing is not necessary. *See*, *Cooper v. United States,* 378 F.3d 638, 641-642 (7th Cir. 1987).

**Discussion**

An action brought under 28 U.S.C. § 2255 is an attempt to collaterally attack a sentence outside of the traditional avenue of appeal. Such relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right encompasses the right to effective assistance of counsel. *Watson v. Anglin,* 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel must show (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984); *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then determine whether Counsel's performance was outside the wide range of professionally competent assistance. *Id.* "The question [to be decided] is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter,* 562

U.S. 86, 105 (2011). The Court's review of counsel's performance is "highly deferential. . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

To satisfy the second prong, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. The petitioner need not show that Counsel's deficient performance "more likely than not altered the outcome" – but that the likelihood of a different result was "substantial, not just conceivable." *Harrington,* 562 U.S. at 111-12.

The Court first turns to Stevens' claim that Attorney Green failed to properly defend his case, which resulted in him involuntarily pleading guilty. Specifically, Stevens contends that he involuntarily pleaded guilty because Green (1) rarely met with him; (2) delayed the proceedings by several months; (3) prepared no motions; (4) failed to object to the Government's classification of Stevens as a career offender; (5) failed to discuss any discovery with Stevens so that they could prepare a defense; (6) miscalculated the actual guidelines sentence that applied to Stevens; and (7) threatened Stevens to plead guilty by asserting that the Government would add new charges and make life more difficult for Stevens (Doc. 1, pp. 21-24).

The Court conducted a change of plea hearing on April 30, 2021. *U.S. v. Romell C. Stevens,* Case No. 20-cr-40063-SMY (S.D. Ill. Apr. 30, 2021, Doc. 70). During colloquy with the Court, Stevens stated the following under oath: He was 57 years old, had two associate degrees, and can read, write, and understand the English language. *Id.* (Doc. 70, p. 4). Stevens

had a "sufficient opportunity to review and discuss [his] charges and [his] case in general with [his] attorney, Mr. Green" and he was fully satisfied with the "representation, counsel, and advice" that Mr. Green had given him. *Id.* (Doc. 70, p. 5). Stevens understood the penalties for the charges, including a sentence of up to 30 years of imprisonment. *Id.* (Doc. 70, pp. 5-6). Stevens indicated that there were no "threats or promises" that had been made to "somehow force or induce" him into a guilty plea. *Id.* (Doc. 70, p. 7). Ultimately, Stevens indicated that he understood that he was pleading guilty freely and voluntarily:

> Q. Is your intent to plead guilty, then, based on your own free and voluntary act?
> A. Yes, Your Honor, I am guilty.
> Q. I didn't ask you that. I am asking you if your decision to plead guilty is based on your own free and voluntary act.
> A. Oh. Yes, Your Honor, it's based on my free and voluntary act.
> Q. Do you understand, Mr. Stevens, that if accept your guilty plea this morning you will not be able to withdraw it at a later time?
> A. I do understand that, Your Honor.

*Id.* (Doc. 70, pp. 7-8). The Government then presented its factual basis, with which Stevens partially disagreed, but re-asserted his intent to plead guilty. *Id.* (Doc. 70, pp. 8-11).

As an initial matter, the record does not support Stevens' claim that he involuntarily entered a guilty plea. Rather, he confirmed that he was satisfied with Green's representation and that Green had reviewed and discussed the charge against him. Stevens also confirmed that he understood the potential penalties associated with the charges and proceeded with his guilty plea despite his dispute with a portion of the Government's factual basis.

Nevertheless, Stevens maintains that misrepresentations and errors made by Green render his plea involuntary. But even if, as Stevens alleges, Green rarely met with Stevens to

go over his case, delayed the proceedings by several months, prepared no defense or motions, told him that if he did not plead guilty the prosecutor would "'make life hell' and add new charges," and failed to give him any discovery, he has failed to demonstrate prejudice – the record does not support a finding that he would have proceeded to trial absent these deficiencies.

With respect to Stevens' claim that Green advised him he would be facing a Guidelines range of 33-41 months, a defendant cannot establish ineffective assistance of counsel based upon "naked assertions" that his attorney failed to properly advise him in plea decisions. *Galbraith v. United States,* 313 F.3d 1001, 1008-09 (7th Cir. 2002). Likewise, "mere allegations of promises made by counsel are insufficient to support a claim of ineffective assistance." *United States. v. Rodriquez-Luna,* 937 F.2d 1208, 1214 (7th Cir. 1991). Thus, a defendant must provide some evidence that allows the court to meaningfully assess his claim such as, the terms of the alleged promises by counsel, when, where, and by whom such promises were made, and the precise identity of any witnesses to the promise. *Rodriguez-Luna*, 937 F.2d at 1215 (quoting Key v. United States, 806 F.2d 133, 139 (7th Cir. 1986)). Here, Stevens has provided no such evidence.

Stevens also argues Green was ineffective in advising him with respect to his classification as a career offender. But once again, he offers no evidence that he would have opted to go to trial had he known he would be classified as a career offender. Such a claim would lack credibility given the weight of evidence against him and his statements during the plea hearing. See, *Hill v. Lockhart*, 474 U.S. 52, 56 (1970).

Stevens' argument that he requested his subsequent appointed attorney, Sims, to move to withdraw his guilty plea is also not supported by the record. Prior to the sentencing, Sims filed an allocution written by Stevens that did not mention he desire to withdraw his guilty plea. *U.S. v. Romell C. Stevens,* Case No. 20-cr-40063-SMY (S.D. Ill. Nov. 9, 2021, Doc. 54-1). Nor did Stevens indicate a desire to withdraw his guilty plea at sentencing. Instead, he asserted that he had made a mistake and wished that the Court sentence him leniently. *U.S. v. Romell C. Stevens,* Case No. 20-cr-40063-SMY (S.D. Ill. Jan. 3, 2022, Doc. 67, pp. 35-43).

Even if Stevens had requested that Sims to file a motion to withdraw his guilty plea, he cannot establish a "reasonable probability" that the motion would have been granted due to his statements and acknowledgements during the Rule 11 colloquy. *Ward v. Jenkins*, 613 F.3d 692, 699 (7th Cir. 2010). See also, *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008) ("because the defendant's statements at the plea colloquy are presumed to be true, the defendant bears a heavy burden of persuasion in showing that such a fair and just reason [for withdrawing the plea] exists").

Stevens' claims with respect to Sims failing to object to the PSR and his classification as a career offender lack merit as well. The Court addressed the objections to the PSR filed by Sims, although Stevens argues that they were untimely. *U.S. v. Romell C. Stevens,* Case No. 20-cr-40063-SMY (S.D. Ill. Oct. 13, 2021, Doc. 48). Moreover, at sentencing, Stevens stated that he had a sufficient opportunity to review the report with Sims and did not identify any issues with his counsel or any additional "key issues" that he wished the Court to address (Doc. 1, p. 19). *U.S. v. Romell C. Stevens,* Case No. 20-cr-40063-SMY (S.D. Ill. Jan. 3, 2022, Doc. 67, p. 6). Based on the Court's rulings and comments, Sims then withdrew objection number

2 (Defendant's statements as relevant conduct); 3 (drug weight attributed to relevant conduct); and 4 (base offense level). The Court ruled on the remaining objections. *Id.* (Doc. 67, pp. 7-11). Under these circumstances, the Court finds that Sims' conduct with respect to the PSR fell within the range of acceptable professional norms.

Finally, Stevens' argument that Sims failed to argue that he did not qualify as a career offender is not supported by the record. In fact, Sims objected to the career offender classification both in writing and at the sentencing hearing, arguing that his convictions were old and that the Commission did not intend for a defendant with Stevens' background to be considered as a career offender. *Id.* (Docs. 48, 67). Any further objection by Sims would have been futile given Stevens' extensive criminal history, including valid predicate convictions. *Harrington,* 562 U.S. at 111-12.

## Conclusion

For the foregoing reasons, Stevens's Petition is **DENIED**; this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335-336 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Stevens must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Stevens has not made a substantial showing that his counsels' representation was ineffective. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED:  July 25, 2023**

**STACI M. YANDLE**
**United States District Judge**